OPINION of the Court, by
Judge Owsley.
Ralph Morgan, one of the plaintiffs, and Samuel Cox, the an-ces^°r of the other plaintiff, gave their obligation to Strode, with a condition to warrant the title to eight hundred acres of land. Strode having been evicted, as alleges, from part of the land by adverse paramount claims, brought this suit and obtained a decree in the court below for compensation. From this decree the plaintiffs have prosecuted this writ of error.
As Strode was complainant in the court below, and claimed compensation for the breach of a covenant of warra)1ty> it was clearly essential for him to shew that he had been evicted from the land by a paramount title, For this purpose were produced the copies of the records ¡jj,,] proceedings of the suits in which the evictions ^ere had. These copies, according to the settled rules' of evidence, were certainly competent to prove the evic- ■ ⅛⅞ . ⅛¾⅛ by repeated decisions of this court, (See Devour vs. Johnson, vol. 3, 410) as the plaintiffs were notj parties, and do not appear to have been notified of the ! pudency of those suits, the copies were not admissible ) eyhlence of the eviction having been had under para- ! mount titles. It is true as part of the copies appear to ^ be transcripts of the proceedings and decrees in the suits in chancery, wherein the eviction was in part had, and as no objections were taken in the court below, to any part of the evidence contained in those transcripts, it is pr$»p§r we should, to ascertain tie *5 validity of the claims under which the eviction was had, examine the evidence contained ⅛ those copies. If this be done, although an attempt was mad* to support the calls of the entries, yet the evidence ⅛ not of that description calculated to prove those claims, paramount to Strode’s. It was, however, contended in argument, that as this case was heretofore decided by this court, the right of the plaintiff® now to recover, should not he again questioned. Whatever would have been the effect of the former opinion of this court, had Strode’s right to Recover unon the evidence as it now stands been then decided, by no fair construction can that opinion, under the circumstances of this case, have the operation contended for. The former decree of the court below, when this cause was in the first instance before this court, was reversed for the want of proper parities, and the cause remanded to that court for the proper parties to be made, “and further proceedings had ; and although this court then anticipated that a contest might arise when the cause should be regularly prepared, as to the amount of compensation which Strode should recover upon establishing his demand, to obviate that difficulty they then determined the ryle by wliich the compensation should be ascertained. But as the proper parties were not then before the court, and the rights of the parties might by the production of additional evidence after the cause was remanded, be materially changed, it was not only not intended by the court, but would have been manifestly improper then to have expressed an opinion upon the evidence in the cause : nor is it conceived the expression of any . such opinion, by any fair construction of the former opinion, can be inferred.
The decree of the court below must therefore be reversed with costs, the cause remanded to that court and the bill dismissed.